**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

ROBERTO AGUIAR,

    Plaintiff,

vs.

ACES ACEROTECH INDUSTRIES INC.,
A Florida Profit Corporation, and
JORGE A. SANDERS, individually,

    Defendants.

_____/

**COMPLAINT**

Plaintiff ROBERTO AGUIAR, (hereinafter, "Plaintiff") by and through his undersigned attorney hereby sues Defendants ACES ACEROTECH INDUSTRIES INC., a Florida Profit Corporation (hereinafter, "ACES"), and JORGE A. SANDERS, individually (hereinafter "SANDERS") (collectively "Defendants") and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), as well as to the Florida Minimum Wage Act, Florida Statute §448.10 et seq. ("FMWA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

1

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants as a full-time welder from on or about September 2021 until on or about January 10, 2022. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. ACES is a Florida corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. ACES has its principle place of business in Miami, Florida. ACES had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. At all times material to this Complaint, ACES employed at least ten (10) employees.

8. ACES is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, ACES specializes in designing and manufacturing custom luxury Staircases and Railings. Defendant, upon information and belief, designs and manufactures its products using stainless steel and other material that are shipped across state lines.

10. At all times material to this Complaint, ACES has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Defendant ACES, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant SANDERS is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, ACES.

13. Defendant SANDERS acted directly in the interest of his company, ACES. Upon all available information, SANDERS controlled the way Plaintiff performed his work and the pay he was to receive.

14. Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

15. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this Complaint.

17. During the course of his employment, Plaintiff was to be compensated at $20/hour. However, Plaintiff was not compensated "on the books" for any of his hours over 40 in a work week.

18. The Defendants established a weekly pay period, such that the employees were supposed to get paid once a week for the seven (7) day period ending the immediately preceding. However, starting on or about October 7, 2021, the wages due on the regularly established pay day, began to arrive late, such that the amounts due would be in arrears, or not paid at all.

19. As a result of this practice, Plaintiff was not compensated at all for many hours worked for Defendants. Specifically, Defendants failed to compensate Plaintiff at all for the hours worked from November 21, 2021, through January 10, 2022.

20. Plaintiff made several complaints to Defendants that he was not being paid even a minimum hourly wage when due, and that his wages were due in arrears.

21. However, Defendants did not cure the deficiency. As a result, there were times during his employment when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

22. Plaintiff estimates that he is owed at least Twelve Thousand Dollars $12,000.00 in unpaid minimum wages.

23. Furthermore, throughout Plaintiff's employment, Plaintiff generally worked 45-55 hours per week.

24. Even though Plaintiff regularly worked over 40 hours in a workweek, he was not compensated at time and a half his hourly rate for any of his hours over 40 in a work week.

25. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

26. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

27. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

28. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

29. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/MINIMUM WAGES against ACES

31. Plaintiff re-alleges and reaffirms paragraphs 1 through 30 as fully set forth herein.

32. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 206.

33. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

34. ACES has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due. Specifically, ACES failed to compensate Plaintiff for at least fourteen (14) weeks of work.

35. ACES knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

36. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

37. By reason of the said intentional, willful and unlawful acts of ACES, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

39. ACES never posted any notice, as required by the Fair Labor Standards Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

40. As a result, ACES's willful violations of the Act, Plaintiff is entitled to liquidated damages.

41. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ACES.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant ACES:

    A. Adjudge and decree that Defendant ACES has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME
## against ACES

42. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

43. Since the commencement of Plaintiff's employment ACES has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in

commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

44. Specifically, throughout his employment Plaintiff regularly worked 45-50 hours during each workweek in which he was employed, but he was only paid straight time for some of his overtime hours.

45. ACES is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). ACES's business activities involve those to which the Fair Labor Standards Act applies as alleged above.

46. Plaintiff was not exempted from the overtime provision of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

47. ACES has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

48. By reason of the said intentional, willful, and unlawful acts of ACES, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

49. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

50. ACES never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

51. As a result of ACES's willful violations of the Act, Plaintiff is entitled to liquidated damages.

52. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ACES.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant ACES:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF FLSA/MIMIMUM WAGES against SANDERS

53. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

54. At the times mentioned, Defendant SANDERS was, and is now, the president and owner of corporate Defendant ACES.

55. SANDERS was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA [29 U.S.C. § 203(d)], in that he acted directly in the interests of Defendant ACES in relation to its employees including Plaintiff.

56. Specifically, SANDERS supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

57. SANDERS had operational control of the business and is thus jointly liable for Plaintiff's damages.

58. Defendant SANDERS willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant SANDERS:

    A. Adjudge and decree that Defendant SANDERS has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF FLSA/OVERTIME against SANDERS

59. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

60. At the times mentioned, Defendant SANDERS was, and is now, the president and owner of corporate Defendant, ACES, in a management capacity.

61. Specifically, SANDERS supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

62. SANDERS had operational control of the business and is thus jointly liable for Plaintiff's damages.

63. SANDERS was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA, in that SANDERS acted directly in the interests of Corporate Defendant ACES in relation to its

employees including Plaintiff.

64. Defendant SANDERS willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant SANDERS:

    A. Adjudge and decree that Defendant SANDERS has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF FMWA against ACES

65. Plaintiff realleges and re-affirms paragraphs 1 through 30 as fully set forth herein.

66. Plaintiff brings this action under Florida Statutes § 448.10 *et seq*. and/or common law for unpaid wages.

67. ACES failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with ACES as alleged above.

68. Plaintiff sent a written demand for these payments dated January 18, 2022. ACES has failed to make any payments in accord with that demand.

69. As a direct result of ACES' failure to pay Plaintiff, he has been damaged by not receiving

wages due to him for work performed on behalf of ACES.

70. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant ACES:

    A. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

    B. Liquidated damages;

    C. Assessment against Defendant ACES of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

    D. Such other and further relief as the court deems proper.

## COUNT VI
## VIOLATION OF FMWA/MINIMUM WAGES against SANDERS

71. Plaintiff realleges and re-affirms paragraphs 1 through 30 as fully set forth herein.

72. Plaintiff brings this action under Florida Statutes § 448.10 *et seq*. and/or common law for unpaid wages.

73. SANDERS failed to pay Plaintiff at a rate equal to the Florida minimum wage for some of the hours worked during his employment as alleged above.

74. Plaintiff sent a written demand for these payments dated January 18, 2022. Sanders has failed to make any payments in accord with that demand.

75. As a direct result of SANDERS' failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work performed on behalf of SANDERS.

76. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant SANDERS:

    A. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

B. Liquidated damages;

C. Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

D. Such other and further relief as the court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ROBERTO AGUIAR demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: March 23, 2022                           **PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com